RYAN *v.* FIELDER.

Opinion delivered June 5, 1911.

1. JUDGMENT—MOTION IN ARREST.—A motion in arrest of judgment is not recognized in civil suits under our Code of Practice; and where recognized can be maintained only for errors apparent upon the face of the record. (Page 376.)

2. PLEADING—EFFECT.—A motion in arrest of judgment in a civil case should be treated as a motion for new trial. (Page 376.)

3. INFANTS—JUDGMENT AGAINST INFANT WITHOUT DEFENSE.—Where a judgment is rendered against an infant without a defense by his guardian, as required by Kirby's Digest, § 6023, the judgment is voidable, and, under Kirby's Digest, § 4431, may be vacated or modified after term "where the condition of such defendant does not appear in the record, nor the error in the proceedings." (Page 376.)

4. SAME—PROCEEDINGS TO VACATE JUDGMENT AGAINST.—A judgment against an infant, rendered without defense, may be vacated upon a complaint verified by affidavit alleging the judgment or order, the grounds to modify or vacate it, and the defense to the action; the court first deciding whether there are grounds to vacate, and then whether the defense is valid. (Page 377.)

5. APPEAL AND ERROR—FINAL JUDGMENT.—Where an infant filed a motion in arrest of judgment, which was sustained, and the opposing party

thereupon appealed, the effect was as if there had been no trial, and an appeal thereafter taken will be dismissed for want of a final judgment. (Page 377.)

Appeal from Greene Circuit Court; *Frank Smith,* Judge; appeal dismissed.

### STATEMENT BY THE COURT.

Appellants brought suit against Jack Fielder and his son Henry for damages for the malicious killing of a mare, alleged to be of the value of $200, and prayed judgment for three times the value. Defendants filed a joint answer, denying that they shot or killed the mare, and that plaintiff was damaged in the sum of $600, or at all, and that the animal was worth $200.

On the trial the jury rendered the following special verdict: "Did Henry Fielder shoot the mare? Yes. E. W. Compton, Foreman. If so, did the father advise or direct it? No. E. W. Compton, Foreman. What was the market value of the mare? $150. E. W. Compton, Foreman."

On September 13, 1910, Henry Fielder by his attorneys, who had also represented him and his father during the trial, filed a motion in arrest of judgment, setting out a copy of the special verdict, alleging that he was a minor 15 years old; that he had no statutory guardian, and that no guardian *ad litem* was appointed to defend for him nor was any defense directed by the court; that no judgment had been entered on the verdict; and prayed the court to arrest judgment against him.

Appellants filed a motion to strike from the file said motion in arrest of judgment, on the ground that it was not a motion authorized by law and raised a question not appearing on the face of the records.

On February 7, 1911, the court made the following order: "This cause coming on to be heard, and the motion of the defendant, Henry Fielder, in arrest of judgment, said motion was heard and considered by the court upon the motion and oral evidence introduced in support thereof, upon consideration of which the court finds said motion is well taken, and doth sustain the same."

Appellants saved exceptions to this judgment and appealed.

*Johnson & Burr,* for appellants.

A motion in arrest of judgment was not proper in this case,

and could not properly be sustained for errors not apparent upon the face of the record. 34 Ark. 275; 14 Ark. 549; 15 How. 354; 112 U. S. 604; 47 Ark. 233; 56 U. S. (15 How.) 354, 14 Law. Ed. 727; 142 U. S. 128; 56 Ind. 433.

The effect of sustaining the motion in arrest of judgment is to end the case. 2 Enc. of Pl. & Pr. 820; 52 Ala. 78; 30 Col. 402, 70 Pac. 692; 5 Me. 19; 11 Gill & J. (Md.) 405; 40 Ind. 436; 55 Ind. 224.

*Block & Kirsch* and *Huddleston & Taylor,* for appellees.

Notwithstanding the name given to the motion, it was in fact a motion for new trial. "The character of a pleading is to be ascertained from its allegations and not from its name. 54 Ark. 468; 73 Ark. 183; 74 Ark. 93; 11 Tex. 572.

When it was made to appear that Henry Fielder was an infant, who had not appeared by statutory guardian or one appointed by the court, it was the duty of the court to refuse to proceed further until a guardian was appointed to make defense, and this is true without motion or pleadings on his part.

KIRBY, J., (after stating the facts). A motion in arrest of judgment is not recognized in civil suits under our Code of Practice, and such motion, where recognized, can only be maintained for errors apparent upon the face of the record, and the evidence is no part of the record for this purpose. *Carter* v. *Bennett,* 15 Howard, 354; *Bond* v. *Dustin,* 112 U. S. 608; 2 Enc. Pleading & Prac. 794.

Under our statute, the defense of an infant must be by his regular guardian or by guardian appointed to defend for him, where no regular guardian appears, and "no judgment can be rendered against an infant until after a defense by guardian." Section 6023, Kirby's Digest. But, if a judgment is rendered against such infant without such defense, it is only voidable, under our decisions, and it may be vacated or modified after the expiration of the term of court at which it was rendered "where the condition of such defendant does not appear in the record, nor the error in the proceedings." Sec. 4431, Kirby's Digest, subdiv. 5.

The proceedings to vacate the judgment for this cause must be by complaint, verified by affidavit, setting forth the judgment

or order, the grounds to vacate or modify it, and the defense to the action, and it will not be vacated until it is adjudged that there is a valid defense to the action in which the judgment was rendered, the court first deciding upon the grounds to vacate before trying the validity of the defense. Kirby's Digest, § § 4433-5.

The court has control of its record and judgments during the term, and can set aside a verdict rendered and grant a new trial for the causes and in the time and manner prescribed in the statutes; and since no judgment had been rendered upon the special verdict returned by the jury before the filing of the so-called motion in arrest 'of judgment, from which and the evidence thereon it first appeared that the defendant was an infant, it could have set same aside and granted a new trial, treating said motion as one for that purpose. *Clements* v. *Hamilton-Brown Shoe Co. ante* p. 335; *Merritt* v. *School District,* 54 Ark. 468; *Miller* v. *Mintun,* 73 Ark. 183; *Randolph* v. *Nichol,* 74 Ark. 93; *Salinas* v. *Wright,* 11 Tex. 572.

It should have made an order setting aside the verdict and granting a new trial, which in effect it did do by sustaining said motion and refusing to enter judgment upon said verdict.

It doubtless would have made an order granting a new trial after its refusal to render judgment upon the verdict if it had been requested to do so, and the effect of the order made was but to leave the cause pending with no verdict rendered and undecided as though no trial had occurred, and said order was not a final judgment from which an appeal could be taken.

The appeal did not deprive the court of jurisdiction to proceed in said cause, having been prematurely taken, and the same is dismissed, the parties still having the right to proceed in the court below as though no trial had been had or verdict rendered.

Mr. Justice HART dissenting.