ROAD IMPROVEMENT DISTRICT No. 4 OF PRAIRIE COUNTY
*v.* MOBLEY.

Opinion delivered October 10, 1921.

1. COURTS—JURISDICTION OF SUPREME COURT.—The jurisdiction of the Supreme Court, under Const. 1874, art. 7, §§ 4, 5, is merely appellate and supervisory, except in the exercise of original jurisdiction to issue writs of quo warranto.

2. COURTS—SUPREME COURT—JURISDICTION.—In its review of the errors of inferior courts, the Supreme Court is confined to the record made below, and has no authority to inquire beyond the record made below. *

3. CERTIORARI—CONSTRUCTION OF STATUTE.—Crawford & Moses' Dig. § 2237, providing that the circuit courts shall have power to issue writs of certiorari to any inferior tribunal to correct any erroneous or void proceeding, has no application to original applications for certiorari in the Supreme Court.

4. COURTS—JURISDICTION OF SUPREME COURT.—The Supreme Court has no original jurisdiction to issue a writ of certiorari to review a judgment of the circuit court upon the sole ground that the court stenographer failed, without fault of petitioners, to prepare the transcript of the oral proceedings within the time allowed by the lower court, and that petitioners were thus, without fault, prevented from preparing the record for an appeal.

Certiorari to Prairie Circuit Court, Northern District; *George W. Clark,* Chancellor; petition denied.

*Emmet Vaughan, Brundidge & Neely,* for appellant.

*Roy D. Campbell, F. E. Brown, John F. Clifford,* for appellee.

PER CURIAM. This is a petition for a writ of certiorari to bring up for review a judgment for the recovery of money, rendered against petitioners by the circuit court of Prairie County on September 10, 1920, in favor of the respondents, who were the plaintiffs in the action below. It is alleged in the petition that a motion for a new trial

was filed and overruled by the court; that an appeal to this court was granted by the trial court; and that time was allowed (120 days) within which to prepare and file a bill of exceptions. The sole ground urged for the issuance of the writ of certiorari is that the court stenographer failed, without fault of petitioners, to prepare the transcript of the oral proceedings within the time allowed by the court, and that petitioners were thus prevented, without fault on their part, to prepare the record so that an appeal was available for a review of the record in this court.

The jurisdiction of this court is, under the Constitution, merely appellate and supervisory, except in the single instance of the exercise of original jurisdiction in the issuance of writs of *quo warranto.* Constitution of 1874, article 7, sections 4 and 5. The various writs authorized to be issued by this court are merely in aid of such appellate or supervisory jurisdiction. *Ex parte Jackson,* 45 Ark. 158; *State v. Neel,* 48 Ark. 283. And a review by this court for errors of inferior tribunals is confined to the record made below. This court has no authority to inquire beyond the record made by those courts. Such further inquiry would constitute the exercise of original jurisdiction. It is not claimed that there is any error appearing in the record made in the court below. In other words, it is not claimed that there is any error on the face of the proceeding, but the claim is that the petitioners were prevented, without their fault, from making a record by bill of exceptions, which would have disclosed errors in the proceedings; and the contention is that they are entitled to relief under the remedy afforded by the writ of certiorari.

Counsel for petitioners rely upon decisions of this court, holding that the remedy under the writ of certiorari is available where the right of appeal has been unavoidably lost. *Burgett* v. *Apperson,* 52 Ark. 213; *Lamb & Rhodes* v. *Howton,* 131 Ark. 211. Those were cases where relief was sought in the circuit court from judgments of inferior courts over which that court had

supervisory control, and under and pursuant to the statute which authorizes a review of proceedings in inferior courts for relief against either erroneous or void judgments. Crawford & Moses' Digest, section 2237. Those cases, therefore, have no application to the question of the authority of this court, for this court has no original jurisdiction, and such original jurisdiction for relief against fraud, accident or mistake is cognizable in courts of chancery, and in that court alone must petitioners seek relief for the alleged unavoidable loss of the right of appeal. *Kansas & Arkansas Valley Rd. Co.* v. *Fitzhugh,* 61 Ark. 341; *Little Rock & Fort Smith Ry. Co.* v. *Wells,* 61 Ark. 354.

The writ is therefore denied.