SAUVE *v.* INGRAM.

4-6036                                                   143 S. W. 2d 541

Opinion delivered October 7, 1940.

McRae & Tompkins, for appellant.

L. L. Mitchell and E. F. McFaddin, for appellee.

MEHAFFY, J.   This action was instituted by Joe Ingram, father and next of kin of Robert Lee Ingram,

deceased, for damages alleged to have been suffered by Robert Lee Ingram when he was struck and killed by an automobile driven by Edsel Sauve. The accident occurred April 27, 1939, and service was obtained on April 28, 1939. On June 5, 1939, Joe Ingram was appointed administrator of Robert Lee Ingram's estate. On July 3, 1939, the defendant filed a demurrer alleging a defect in parties plaintiff, the appointment of the administrator and plaintiff's incapacity to maintain the suit. Thereafter the administrator and mother of deceased filed a motion to be made additional parties plaintiff.

On July 7, 1939, the court sustained the demurrer, dismissed the father's complaint, and substituted the administrator as sole plaintiff. On August 7th the court entered an order on the motion of appellant to quash service, sustaining the motion to add additional parties plaintiff and overruling the demurrer and motion to quash. The case proceeded to trial on January 8, 1940, without any additional service and resulted in a verdict in favor of the father and mother for $2,000 for the benefit of next of kin, and in favor of the administrator for conscious pain and suffering for $1,000.

Affidavit for specific attachment was filed, together with bond, and the specific attachment was issued and the Ford car belonging to appellant was attached. It was appraised for $350. The defendant executed a forthcoming bond and retained the property. The defendant then demurred, alleging that the allegations of the complaint do not state a cause of action, or, if proven, do not entitle plaintiff to recover; that deceased has a personal representative, and plaintiff is without legal capacity to maintain the suit; that there is a defect in parties in that the mother of deceased is entitled to share equally with the father any pecuniary losses resulting from the death of said minor; that the complaint improperly seeks damages for pain and suffering which are recoverable only by the personal representative.

The appellant filed answer denying the court's jurisdiction, denying all material allegations of the complaint, and pleading contributory negligence of Robert Lee Ingram, Mrs. Joe Ingram, and Joe Ingram, and alleging that the injury was the result of an unavoidable accident.

After the verdict and judgment appellant filed motion for a new trial, which was overruled, and the case is here on appeal.

The evidence showed that Joe Ingram was the father of Robert Lee Ingram, and letters of administration were introduced showing that Joe Ingram had been appointed as administrator. The suit was first brought by plaintiff as father and next of kin, and later Joe Ingram was appointed administrator. The boy, Robert Lee Ingram, lacked 16 days of being eight years old. He attended school and did almost any kind of work; he helped about the house, bringing in wood, driving cows and feeding hogs, and worked some at the filling station; gathered peaches during the harvest and sold them at the stand; he was a healthy boy and lived at the hospital from 2:30 until 9 o'clock the next morning; was groaning; both legs were broken, and he suffered all the time for 18 hours. The house where Ingram lived was about 20 feet from the paved road, which is straight for 300 or 400 yards each way; is level on the south side for a mile or two, but the other way is a little rise in the road. There was nothing to obstruct the driver's view. The accident happened about 2:30.

According to appellees' witnesses the appellant was driving about 70 or 80 miles an hour. The appellant himself testified that he was going 45 or 50 miles an hour, and some of appellant's witnesses corroborated his statement. Appellees' witnesses testified that he knocked the boy about 20 steps down the highway.

Appellant argues first that the case should be reversed because he is a minor and no guardian was appointed for him.

The record proper does not indicate that appellant is a minor. Appellant filed demurrer, motion to quash and answer, and in none of his pleadings was there a suggestion that he was a minor. He also executed a forthcoming bond for $700 with a surety company as surety, and the only suggestion that he was a minor was on his re-examination by his attorney when he was on the witness stand. The attorney asked him how old he was and he answered that he was twenty. Question: "Twenty years old?" and he answered: "Yes, sir." There was no other mention of appellant's minority during the trial. The question was never submitted to the trial court, and the trial court did not pass on it; but if he was a minor and no guardian was appointed to defend for him, the judgment against him would not for that reason be void, but be voidable only.

"But if a judgment is rendered by a court having jurisdiction of the parties and subject, it is held, by the great preponderance of authorities, that it will not be void because the defendant was an infant and no guardian *ad litem* was appointed, although it will be irregular and liable to reversal, or voidable on a proper proceeding for that purpose. The theory is, that the appointment of a guardian is not a prerequisite to the jurisdiction of the court; it attaches upon due service of the process being made. Consequently, the omission to appoint a guardian does not impair the authority of the court to proceed in the case, but is at most an irregularity in the exercise of its lawful jurisdiction, which, on settled principles of law, may impregnate its judgment with error, but cannot render it absolutely null." 1 Black on Judgments, 284, 285.

It is true that our statute provides that no judgment can be rendered against an infant until after a defense by a guardian, but this court has repeatedly held that such judgments are not void, but are voidable only. This court said, in the case of *Ryan* v. *Fielder*, 99 Ark. 374, 138 S. W. 973:

"Under our statute, the defense of an infant must be by his regular guardian or by guardian appointed

to defend for him, where no regular guardian appears, and 'no judgment can be rendered against an infant until after a defense by guardian,' § 6023, Kirby's Digest. But, if a judgment is rendered against such infant without such defense, it is only voidable, under our decisions, and it may be vacated or modified after the expiration of the term of court at which it was rendered 'where the condition of such defendant does not appear in the record, nor the error in the proceedings.' Section 4431, Kirby's Digest, subdiv. 5.

"The proceedings to vacate the judgment for this cause must be by complaint, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, and it will not be vacated until it is adjudged that there is a valid defense to the action in which the judgment was rendered, the court first deciding upon the grounds to vacate before trying the validity of the defense. Kirby's Digest, §§ 4433-5."

In the case of *Davie* v. *Padgett*, 117 Ark. 544, 176 S. W. 333, the late Chief Justice McCULLOCH, speaking for the court, said: "It has always been the rule of this court that judgments against infants are not void because of the omission to appoint a guardian, but are merely voidable and can only be avoided on appeal or writ of error or other direct proceedings authorized by statute."

In that case the court also stated: "It is alleged in the complaint, and established by proof, that the plaintiff was about sixteen years of age at the time defendant promised to marry her and seduced her, and was seventeen years old on the day of the trial in the circuit court."

This court has always held that judgments against minors, where no guardian was appointed, are not void, but are voidable. Under our decisions, where a judgment is rendered against an infant without a guardian having been appointed for him, the infant has two remedies; that is, two courses, either one of which he may pursue to set aside the judgment. One is by ap-

peal. If the record on its face showed that appellant was an infant, or if the question had been submitted to, and decided by, the lower court, then this court on appeal would correct an erroneous judgment.

Section 4 of art. 7 of the Constitution of the state of Arkansas provides, among other things, that except in cases otherwise provided, the supreme court shall have appellate jurisdiction only.

This court has no authority to decide a question like this unless it has been decided by the lower court. In other words, we have no original jurisdiction, but only appellate jurisdiction.

This court said, in the case of *Road Imp. Dist. No. 4 of Prairie County* v. *Mobley,* 150 Ark. 149, 233 S. W. 929: "The jurisdiction of this court is, under the Constitution, merely appellate and supervisory, except in the single instance of the exercise of original jurisdiction in the issuance of writ of *quo warranto.* Constitution of 1874, art. 7, §§ 4 and 5. The various writs authorized to be issued by this court are merely in aid of such appellate or supervisory jurisdiction. *Ex parte Jackson,* 45 Ark. 158; *Arkansas Industrial Co.* v. *Neel,* 48 Ark. 283, 3 S. W. 631. And a review by this court for errors of inferior tribunals is confined to the record made below. This court has no authority to inquire beyond the record made by those courts. Such further inquiry would constitute the exercise of original jurisdiction." *McConnell* v. *Bourland,* 175 Ark. 253, 299 S. W. 44; *Howell* v. *Todhunter,* 181 Ark. 250, 25 S. W. 2d 21.

Appellant next contends that the suit was improperly brought and the court was without jurisdiction of the defendant. The suit was first brought by the father of deceased, and he certainly had a valid cause of action. Afterwards he was appointed administrator and the mother was made a party.

Section 1463 of Pope's Digest reads as follows: "The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name

of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.''

The amendments and change of parties did not in any way change the claim or defense, and appellant could not possibly have been prejudiced thereby.

It is next contended by the appellant that Sauve's negligence, if any, was not the proximate cause of the injury. Appellant states, however: ''On the question of negligence and proximate cause, we realize that in view of the jury's findings the evidence should be viewed in the light most favorable to appellees.''

The little boy that was killed was, according to some of the testimony, following a wagon, and started across the road. Somebody in the wagon called to him and he turned and started the other way when he was hit by the automobile. Appellant was driving on a paved road at a speed of seventy miles an hour, passing a filling station on the side of the road, and a residence about 20 feet from the road. He was going at such a rate of speed, some of the witnesses say, that when he struck the boy it knocked him several feet. Appellant was passing a wagon on the road, and according to his own testimony, going about 50 miles an hour and taking no notice of anything that did not occur directly in front of him.

It would serve no useful purpose to set out the testimony on the question of negligence. The evidence was in conflict and the evidence of appellees shows that appellant was grossly negligent. The questions were properly submitted to the jury, and a verdict based on conflicting evidence will not be set aside by this court.

The judgment of the circuit court is affirmed.