BERRY *v.* HALL, SECRETARY OF STATE.

5-2296                                        339 S. W. 2d 433

Opinion delivered October 31, 1960.

*Josh W. McHughes,* for plaintiff.

*Mehaffy, Smith & Williams,* by *Wm. J. Smith,* for Intervenors.

Ed. F. McFADDIN, Associate Justice. This case is an eleventh hour attempt—by original action in this Court—to prevent proposed Constitutional Amendment No. 51 being submitted to the voters at the November 1960 General Election.

The General Assembly of Arkansas at its 1959 session adopted Senate Joint Resolution No. 4, which may be found on pages 1973 *et seq.* of the Acts of Arkansas for the year 1959. The entire Joint Resolution need not be copied, but we set out enough of it to identify what we will later discuss:

"SENATE JOINT RESOLUTION NO. 4.

"*Be It Resolved by the Senate of the State of Arkansas, and by the House of Representatives, a Majority of All Members Elected to Each House Agreeing Thereto*:

"That the following is hereby proposed as an amendment to the Constitution of the State of Arkansas, and upon being submitted to the electors of the State for approval or rejection at the next general election for Representatives and Senators, if a majority of the electors voting thereon at such an election adopt such amendment, the same shall become a part of the Constitution of the State of Arkansas, to-wit:

"SECTION 1. In addition to other powers granted by constitutional or statutory authority, cities of the first and second class may issue, by and with the consent of a majority of the qualified electors of said municipality voting on the question at an election held for the purpose, bonds in sums and for the purposes approved by such majority at such election as follows: . . ."

To prevent this Senate Joint Resolution No. 4 being submitted to the voters of Arkansas at the November 1960 General Election, as proposed Constitutional Amendment No. 51, the present case was filed as an *original action in this Court* on October 18, 1960. It is

claimed that the ballot title is defective and misleading. The Arkansas Municipal League has intervened to resist this action; and one point of resistance is that the action is improperly brought in this Court as *an original proceeding*. We find this point to possess merit because this proposed Constitutional Amendment was submitted by the Legislature; and the Arkansas Supreme Court has no original jurisdiction, regarding procedure on proposed constitutional amendments, except those amendments submitted under Amendment No. 7. We will elucidate on these conclusions.

I. *Distinction In The Methods Of Submitting Amendments.* There are two entirely different methods (ways) by which constitutional amendments may be submitted to the voters of Arkansas. One is for the Legislature to propose an amendment; and the other is for the People to initiate a proposed amendment. Article 19, Section 22 of the Arkansas Constitution is concerned with amendments submitted by the Legislature;[1] and Amendment No. 7 to the Constitution is concerned with proposed amendments initiated by the People. In Section 1 of Amendment No. 7 this difference is recognized in these words:

"The legislative power of the people of this State shall be vested in a General Assembly, which shall consist of the Senate and House of Representatives, but the people reserve to themselves the power to propose legislative measures, laws and amendments to the Constitution, and to enact or reject the same at the polls independent of the General Assembly; and also reserve the

---

[1] This Section reads: "Either branch of the General Assembly at a regular session thereof may propose amendments to this Constitution, and, if the same be agreed to by a majority of all members elected to each house, such proposed amendments shall be entered on the journals with the yeas and nays, and published in at least one newspaper in each county, where a newspaper is published, for six months immediately preceding the next general election for Senators and Representatives, at which time the same shall be submitted to the electors of the State for approval or rejection; and if a majority of the electors voting at such election adopt such amendments the same shall become a part of this Constitution; but no more than three amendments shall be proposed or submitted at the same time. They shall be so submitted as to enable the electors to vote on each amendment separately."

power, at their own option, to approve or reject at the polls any entire act or any item of an appropriation bill.''

In *Coulter* v. *Dodge*, 197 Ark. 812, 125 S. W. 2d 115 (decided in 1939, which was several years after Amendment No. 7 had been declared adopted), this Court recognized the distinction between constitutional amendments proposed by the Legislature and those initiated by the People; and Mr. Justice Frank G. Smith used this language in the opinion:

''Let it be remembered that we are considering now only proposals to amend the Constitution submitted by the General Assembly. An entirely different procedure is applicable to amendments proposed under the Initiative and Referendum Amendment No. 7.''

The plaintiff insists that Section 6 of Amendment No. 7 (in the heading, ''Definition''),[2] and Section 10 of Amendment No. 7 (in the heading, ''Majority''), show that Amendment No. 7 was designed to include both kinds of amendments—*i.e.*, legislatively proposed and initiated; but we find these contentions by the plaintiff to be without merit. We hold that amendments proposed by the Legislature are entirely different from those initiated under Amendment No. 7 and are governed by an entirely different procedure.

II. *Jurisdiction.* With the point established that Amendment No. 7 does not apply to the procedure of amendments submitted by the Legislature, we turn now to the vital question of jurisdiction. In Section 16 of Amendment No. 7 there is this language in regard to the original jurisdiction of this Court:

''The sufficiency of all State-wide petitions shall be decided in the first instance by the Secretary of State, subject to review by the Supreme Court of the State,

---

[2] In the dissenting opinion in *Dixon* v. *Hall*, 210 Ark. 891, 198 S. W. 2d 1002, the sections of Amendment No. 7 are numbered and identified; and such numbering is used herein.

which shall have original and exclusive jurisdiction over all such causes. . . ."

So in any case involving an amendment submitted under the procedure outlined in Amendment No. 7, the Supreme Court of Arkansas has original jurisdiction.[3] But there is no language in Article 19 of Section 22 of the Constitution—regarding a constitutional amendment proposed by the Legislature—that gives the Arkansas Supreme Court any original jurisdiction in litigation challenging the validity of submission of such proposed amendment. On the contrary, the Constitution in Article 7 of Section 4 restricts the jurisdiction of the Arkansas Supreme Court to *appellate jurisdiction.* Here is the germane language:

"The Supreme Court, except in cases otherwise provided by this Constitution, shall have appellate jurisdiction only, which may be coextensive with the State, under such restrictions as may from time to time be prescribed by law. It shall have a general superintending control over all inferior courts of law and equity; and, in aid of its appellate and supervisory jurisdiction, it shall have power to issue writs of error and supersedeas, certiorari, habeas corpus, prohibition, mandamus and quo warranto, and, other remedial writs, and to hear and determine the same. . . ."

In *Sauve* v. *Ingram,* 200 Ark. 1181, 143 S. W. 2d 541, this language appears:

"Section 4 of art. 7 of the Constitution of the State of Arkansas provides, among other things, that except in cases otherwise provided, the supreme court shall have appellate jurisdiction only. This court has no authority to decide a question like this unless it has been

---

[3] *McAdams* v. *Henley,* 169 Ark. 97, 273 S. W. 355, 41 A. L. R. 629, involved the procedure whereby the Legislature submitted an amendment; and that case reached this Court by appeal from the Chancery Court. On the other hand, original actions were filed in this Court in each of the following cases which involved attacks on measures initiated under Amendment No. 7, to-wit: *Hope* v. *Hall,* 229 Ark. 407, 316 S. W. 2d 199; *Washburn* v. *Hall,* 225 Ark. 868, 286 S. W. 2d 494; *Ellis* v. *Hall,* 219 Ark. 869, 245 S. W. 2d 223; *Pafford* v. *Hall,* 217 Ark. 734, 233 S. W. 2d 72; *Sturdy* v. *Hall,* 201 Ark. 38, 143 S. W. 2d 547; *Hargis* v. *Hall,* 196 Ark. 878, 120 S. W. 2d 335; *Walton* v. *McDonald,* 192 Ark. 1155, 97 S. W. 2d 81.

decided by the lower court. In other words, we have no original jurisdiction, but only appellate jurisdiction.

"This court said, in the case of *Road Imp. Dist. No. 4 of Prairie County* v. *Mobley,* 150 Ark. 149, 233 S. W. 929: 'The jurisdiction of this court is, under the Constitution, merely appellate and supervisory, except in the single instance of the exercise of original jurisdiction in the issuance of writ of *quo warranto.* Constitution of 1874, art. 7 §§ 4 and 5. The various writs authorized to be issued by this court are merely in aid of such appellate or supervisory jurisdiction. *Ex parte Jackson,* 45 Ark. 158; *Arkansas Industrial Co.* v. *Neel,* 48 Ark. 283, 3 S. W. 631. . . .'"

A careful study of the Constitution and all of its Amendments fails to disclose any provision that gives the Arkansas Supreme Court original jurisdiction in a case like the present one, which is attacking the regularity of submission to the voters of a constitutional amendment *proposed by the Legislature.* Such an action should have been filed in the Chancery Court and not in the Supreme Court. So we must conclude that we cannot take original jurisdiction in this case; and such conclusion makes it improper for us to discuss any of the other issues raised.

The case is dismissed.