The Honorable Mark Riable State Representative 16611 Burlington Road Little Rock, AR 72211
Dear Representative Riable:
This is in response to your request for an opinion on the following question:
 What is your opinion as to what the law requires in the event that there were both referendums and initiative actions voted on by the people with all of them passing but potential conflicts between those measures?
You have asked whether there is another possible reading of the relevant section in Amendment 7 to the Arkansas Constitution that would provide that referrals are treated one way and initiatives are treated another.
The section of Amendment 7 to which you refer is entitled "Conflicting Measures." It states:
 If conflicting measures initiated or referred to the people shall be approved by a majority of the votes severally cast for and against the same at the same election, the one receiving the highest number of affirmative votes shall become law.
In my opinion this language, restated, means that if conflicting measures individually pass,[1] the one receiving the most votes will become law. This is the case regardless of whether they are "initiated" or "referred" measures. Thus, in response to your specific question, it is my opinion that the measure receiving the highest number of votes will prevail and that "initiated" and "referred" measures are treated the same. Seealso A.C.A. § 7-9-122 (Repl. 1993).
It should perhaps be noted in this regard that a question might arise under Amendment 7 concerning the meaning of the terms "initiated" and "referred" as used in the "Conflicting Measures" section therein. Specifically, there may be some uncertainty as to whether this section applies to measures that are submitted to the people by the General Assembly pursuant to Article 19, Section 22 of the Arkansas Constitution. You have cited Amendment 7 in your question, but it is unclear whether your inquiry is intended to encompass General Assembly proposed constitutional amendments.
To the extent that your question indeed encompasses such amendments, I must note that there is no Arkansas appellate court decision squarely addressing the question of whether this "Conflicting Measures" language applies to proposed constitutional amendments submitted to the people by the General Assembly.[2] It seems clear from the uncertainty in the current state of the law that this issue remains to be decided by the courts. While the case of Becker v. McCuen (see n. 2,supra) might be cited for the proposition that Amendment 7 is inapplicable, the court has not overruled prior case law which at least suggests otherwise. See n. 2.
An opinion at this time would essentially involve conjecture on an issue that could significantly impact the effectiveness of proposals before the voters. Sound practice thus dictates that I defer to the inevitable judicial ruling on the matter, as regards constitutional amendments that are proposed by the General Assembly.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Amendment 7 states that "[a]ny measure submitted to the people as herein provided shall take effect and become law when approved by a majority of the votes cast upon such measure, and not otherwise, and shall not be required to receive a majority of the electors voting at such elections."
[2] But cf. Brickhouse v. Hill, 167 Ark. 513, 268 S.W. 865
(1925) (holding simple vote requirement under Amendment 7 applicable to General Assembly proposed constitutional amendments); Berry v. Hill, 232 Ark. 648, 339 S.W.2d 433 (1960) (holding, in a ballot title challenge, that amendments proposed by the General Assembly are governed by a different procedure than those initiated under Amendment 7); Chaney v. Bryant,259 Ark. 294, 532 S.W.2d 741 (1976) (citing Berry and holding, in a ballot title challenge, that the provisions of Amendment 7 do not govern General Assembly proposals, except where the language of Amendment 7 expressly applies); Becker v. McCuen, 303 Ark. 482,789 S.W.2d 71 (1990) (holding, in a ballot title challenge, that the provisions of Amendment 7 do not govern constitutional amendments proposed by the General Assembly). See alsoBrickhouse, supra, at 546-548 (Coleman, Special J. dissenting, discussing three separate theories regarding the impact of Amendment 7).