2010 Ark. 397

**April FORRESTER, Individually and as a Representative of all Similarly Situated Voter–Citizens of Arkansas, Petitioner**

v.

**Charlie DANIELS, Secretary of the State of Arkansas, in his Official Capacity, Respondent**

**Randy Zook, Randy Wilbourn, Ray C. Dillon, David Byerly, Don Zimmerman, and Mark McBryde, Individually and on Behalf of Committee for Arkansas's Future, Intervenors.**

No. 10–985.

Supreme Court of Arkansas.

Oct. 22, 2010.

Deininger & Wingfield, P.A., Little Rock, by: Neil Deininger, Reba M. Wingfield, and Amy G. Hall, and Hatfield & Sayre, by: Eugene G. Sayre, Little Rock and Christopher D. Brockett, for petitioner.

Dustin McDaniel, Att'y Gen., by: Scott P. Richardson and Colin R. Jorgensen, for respondent.

Friday, Eldredge & Clark LLP, Little Rock, by: Elizabeth Robben Murray, for intervenors.

DONALD L. CORBIN, Justice.

Petitioner April Forrester, individually and as a representative of all similarly situated voter-citizens of Arkansas, brings the instant original action challenging the sufficiency and validity of the proposed ballot title for a proposed constitutional amendment, identified as Issue No. 2, which is currently set to be voted upon by the citizens of this state at the November 2, 2010 general election.[1] Petitioner requests injunctive relief and also seeks a writ of mandamus against Respondent Charlie Daniels, in his official capacity as Arkansas's Secretary of State, requiring him to, among other things, withdraw the certified ballot title and mandatorily enjoining him from canvassing, counting, or certifying any votes that may be cast on Issue No. 2.[2]

This matter stems from proceedings that occurred during the 2009 regular session of the General Assembly in which a majority of the members of the General Assembly voted to refer three proposed amendments to the Arkansas Constitution to be considered by the voters of this state at the November 2, 2010 election. The proposed amendment at issue here was set forth in House Joint Resolution 1004 of 2009 (HJR 1004 of 2009), which was titled "Proposing an Amendment to the Constitution of Arkansas Concerning the Interest Rate Limits."

At the conclusion of the regular session, Issue No. 2 was referred to the Respondent so that he could fix and declare the number by which the proposed constitutional amendment would be designated. Respondent subsequently referred Issue No. 2 to the Arkansas Attorney General,

1. On the same day that the instant action was filed in this court, Petitioner filed a nearly identical action in Pulaski County Circuit Court. The matter remains pending before the circuit court.

2. Petitioner initially requested that we order the secretary of state to recall the existing ballot title and certify a corrected ballot title but, in her brief to this court, she now admits that this request is moot, as the statutorily required time for such action has passed.

who issued an opinion fixing and declaring the popular name for Issue No. 2, pursuant to Ark.Code Ann. § 7–9–110 (Supp. 2009). Respondent then published notice of Issue No. 2 every month for six months in various newspapers across the state. The popular name published in these notices, as fixed by the Attorney General, was "An Amendment |₃Concerning Interest–Rate Limits and the Issuance of Governmental Bonds to Finance Energy–Efficiency Projects."

Prior to September 20, 2010, Respondent transmitted to the Arkansas Board of Election Commissioners and each of the County Board of Election Commissioners a certification that the ballot title for Issue No. 2 shall read as follows:

(Title)

An amendment providing that constitutional provisions setting the maximum lawful rate of interest on bonds issued by and loans made by or to governmental units are repealed; the maximum lawful rate of interest on loans by federally insured depository institutions shall remain at the rate resulting from the federal preemption effective on March 1, 2009; establishing that the maximum lawful rate of interest on any other loan or contract shall not exceed seventeen percent (17%) per annum; authorizing governmental units to issue bonds to finance energy efficiency projects and allowing such bonds to be repaid from any source including general revenues derived from taxes; providing that any federal laws applicable to loans or interest rates are not superseded by the amendment; and repealing Article 19, § 13, and the interest rate provisions of Amendment Nos. 30, 38, 62, 65, and 78 of the Arkansas Constitution.

(Popular Name)

AN AMENDMENT CONCERNING INTEREST–RATE LIMITS AND THE ISSUANCE OF GOVERNMENTAL BONDS TO FINANCE ENERGY–EFFICIENCY PROJECTS.

This ballot title is identical to that mandated by the legislature in section 7 of HJR 1004 of 2009, and the popular name is identical to that designated by the attorney general.

Petitioner then filed the instant original action seeking injunctive relief and a petition for writ of mandamus. In seeking such relief, Petitioner asserts that (1) the ballot title fails to give notice that a "For" vote for Issue No. 2 will result in the usury limit on interest rates to |₄increase to seventeen percent and that the current usury limits will be repealed; (2) Issue No. 2 actually contains three separate and divergent matters resulting in the General Assembly referring five amendments in one session, which exceeds its constitutionally mandated limit of referring only three proposed amendments per session; (3) Respondent certified an illegal and unconstitutional ballot title that differs from the one published and fails to comply with the statutory requirement for its wording; and (4) Issue No. 2 contains an impermissible severability clause.

This court granted a motion for expedited proceedings in *Forrester v. Daniels,* 2010 Ark. 362, 2010 WL 3793894 (per curiam). Therein, this court established a briefing schedule and specifically ordered the parties to brief the issue of this court's jurisdiction pursuant to amendment 80. We subsequently granted a motion by certain members of the group, Committee for Arkansas's Future, to intervene in the matter. *See Forrester v. Daniels,* 2010 Ark. 376, 2010 WL 3915218 (per curiam). We now consider this expedited matter.

As a threshold matter, this court must determine whether we have original jurisdiction to hear this controversy, pursuant to amendment 80 of the Arkansas Constitution. Prior to the enactment of amendment 80, this court clearly distinguished its original jurisdiction of proceedings involving proposed constitutional amendments depending on whether those amendments were initiated by the citizens versus those referred by the General Assembly.

As we have explained, there are two entirely different methods by which constitutional amendments may be submitted to the voters of this state. *See Becker v. McCuen,* 303 Ark. 482, 798 S.W.2d 71 (1990); *Berry v. Hall,* 232 Ark. 648, 339 S.W.2d 433 (1960). In *Becker,* we explained as follows:

> The two courses employ different procedures and have different legal requirements. *Chaney v. Bryant,* 259 Ark. 294, 532 S.W.2d 741 (1976). The first way, which has been available through all five of our constitutions, is through the General Assembly. The requirements of that method are set out in Ark. Const. art. 19, § 22. The second way, adopted in 1920, is through the initiative and referendum power reserved to the people. The requirements of the second way are set out in Amendment 7. The provisions of Amendment 7 do not govern constitutional amendments proposed by the General Assembly. *Berry v. Hall,* 232 Ark. 648, 339 S.W.2d 433 (1960).

*Id.* at 485, 798 S.W.2d at 72.

In *Berry,* this court dismissed an original action seeking to strike from the ballot a constitutional amendment referred by the legislature. In so doing, we noted that the original jurisdiction of this court was specifically set forth in amendment 7, while no such language conferring original jurisdiction could be found in article 19, section 22. In examining this important distinction, this court in *Berry* stated

> So in any case involving an amendment submitted under the procedure outlined in Amendment No. 7, the Supreme Court of Arkansas has original jurisdiction. But there is no language in Article 19 of Section 22 of the Constitution—regarding a constitutional amendment proposed by the Legislature—that gives the Arkansas Supreme Court any original jurisdiction in litigation challenging the validity of submission of such proposed amendment. On the contrary, the Constitution in Article 7 of Section 4 restricts the jurisdiction of the Arkansas Supreme Court to *appellate jurisdiction.*

*Id.* at 652, 339 S.W.2d at 435–36 (footnote omitted). Thus, this court concluded that, unless otherwise provided in the constitution, our jurisdiction was merely appellate and supervisory in those cases challenging a legislatively proposed constitutional amendment. *Id.* In dismissing the action, the *Berry* court reasoned as follows:

> A careful study of the Constitution and all of its Amendments fails to disclose any provision that gives the Arkansas Supreme Court original jurisdiction in a case like the present one, which is attacking the regularity of submission to the voters of a constitutional amendment *proposed by the Legislature.* Such an action should have been filed in the Chancery Court and not in the Supreme Court. So we must conclude that we cannot take original jurisdiction in this case; and such conclusion makes it improper for us to discuss any of the other issues raised.

*Id.* at 653, 339 S.W.2d at 436.

Although we have been clear in our distinction of this court's jurisdiction of chal-

lenges to proposed constitutional amendments, *see, e.g., Thiel v. Priest*, 342 Ark. 292, 28 S.W.3d 296 (2000); *Chaney v. Bryant*, 259 Ark. 294, 532 S.W.2d 741 (1976), we must now revisit the issue in light of the adoption of amendment 80 to the Arkansas Constitution, which became effective July 1, 2001. Thus, we must decide whether amendment 80 expands our original jurisdiction, such that it now includes challenges to constitutional amendments proposed by the legislature.

■ Petitioner urges this court to determine the instant action, arguing that we have original jurisdiction in this matter pursuant to amendment 80, section 2(D)(4). Respondent and Intervenors both argue to the contrary that article 19, section 22 did not and does not confer original jurisdiction in this court and nothing in amendment 80 changes that conclusion. Our review of amendment. 80 and this court's well-established precedent leads us to conclude that our jurisdiction to hear challenges to amendments referred by the legislature remains appellate in nature.

■ Questions of constitutional construction are reviewed by this court de novo. *See Wilson v. Weiss*, 370 Ark. 205, 258 S.W.3d 351 (2007). In interpreting the constitution on appeal, our task is to read the law as it is written and interpret it in accordance with established principles of constitutional construction. *First Nat'l Bank v. Cruthis*, 360 Ark. 528, 203 S.W.3d 88 (2005); *Smith v. Sidney Moncrief Pontiac, Buick, GMC, Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Brewer v. Fergus*, 348 Ark. 577, 79 S.W.3d 831 (2002). Language of a constitutional provision that is plain and unambiguous must be given its obvious and common meaning. *Proctor v. Daniels*, 2010 Ark. 206, — S.W.3d —,

2010 WL 1752505. Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a constitutional provision. *Id.* When engaging in constitutional construction and interpretation, this court looks to the history of the constitutional provision. *Gatzke v. Weiss*, 375 Ark. 207, 289 S.W.3d 455 (2008). The Arkansas Constitution must be considered as a whole, and every provision must be read in light of other provisions relating to the same subject matter. *Id.* Finally, this court will interpret a constitutional provision so that each word carries meaning. *See, e.g., Merritt v. Jones*, 259 Ark. 380, 533 S.W.2d 497 (1976).

Amendment 80, section 2 provides in relevant part:

(D) The Supreme Court shall have:

(1) Statewide appellate jurisdiction;

(2) Original jurisdiction to issue writs of quo warranto to all persons holding judicial office, and to officers of political corporations when the question involved is the legal existence of such corporations;

(3) Original jurisdiction to answer questions of state law certified by a court of the United States, which may be exercised pursuant to Supreme Court rule;

(4) Original jurisdiction to determine sufficiency of state initiative and referendum petitions and proposed constitutional amendments; and

(5) Only such other original jurisdiction as provided by this Constitution.

(E) The Supreme Court shall have power to issue and determine any and all writs necessary in aid of its jurisdiction and to delegate to its several justices the power to issue such writs.

Ark. Const. amend. 80, § 2.

Subsection (D)(4) provides original jurisdiction "to determine *sufficiency* of ...

proposed constitutional amendments." This court has recognized that pursuant to the doctrine of *ejusdem generis*, when general words follow specific words in a statutory enumeration the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. *State v. Oldner*, 361 Ark. 316, 206 S.W.3d 818 (2005); *Hanley v. Ark. State Claims Comm'n*, 333 Ark. 159, 970 S.W.2d 198 (1998). Likewise, the doctrine of *noscitur a sociis*, which literally translates to "it is known from its associates," provides that a word can be defined by the words accompanying it. *Hanley*, 333 Ark. 159, 970 S.W.2d 198; *Boston v. State*, 330 Ark. 99, 952 S.W.2d 671 (1997). Thus, we must consider the phrase "proposed constitutional amendments" in connection with the modifying phrase "to determine *sufficiency* of." By applying both of these principles, it is clear that amendment 80 does not expand our jurisdiction over cases involving a challenge to an amendment referred by the legislature.

It is only necessary for this court to make a sufficiency determination in those cases involving voter initiated acts, referendums, and proposed constitutional amendments as set forth in amendment 7.[3] In other words, amendment 7 specifically provides that sufficiency of all statewide petitions "shall be decided in the first instance by the Secretary of State, subject to review by the Supreme Court of the State, which shall have original and exclusive jurisdiction over all such causes." Whereas, a challenge to an amendment referred by the legislature, pursuant to article 19, section 22, involves appellate review of whether the procedures governing the method for the legislature to propose an amendment have been followed.

This conclusion is further bolstered by the fact that this court, charged with the implementation of amendment 80, amended our court rules but did not amend them in a way to indicate that our jurisdiction of the instant challenge is now original in nature. In fact, this court's Rule 6–5 governs our original jurisdiction and provides:

(a) *Original Jurisdiction.* The Supreme Court shall have original jurisdiction in extraordinary actions as required by law, such as suits attacking the validity of statewide petitions filed under Amendment 7 of the Arkansas Constitution or, where the Supreme Court's contempt powers are at issue.

Ark. Sup.Ct. R. 6–5(a) (2010).

Accordingly, we conclude that our jurisdiction to hear the instant action remains appellate in nature and, therefore, we must dismiss the instant action.

Our mandate shall issue immediately.

---

3. Contrary to the assertion by Petitioner's counsel at oral argument, this court did not conduct a sufficiency review in *McAdams v. Henley*, 169 Ark. 97, 273 S.W. 355 (1925), which involved the determination of whether an amendment referred by the legislature was legally adopted.