Cite as 2020 Ark. App. 146

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-75

|  |  |
|---|---|
| LINDA ABRAMSON PHILLIPY AND WHITE RIVER NATURE CENTER, INC., A/K/A DELTA WILDLIFE MANAGEMENT, INC. | **Opinion Delivered** February 26, 2020 |
| APPELLANTS | APPEAL FROM THE MONROE COUNTY CIRCUIT COURT [NO. 48CV-15-108] |
| V. | HONORABLE CHALK MITCHELL, JUDGE |
| L.E. "ED" THOMPSON AND DAVID STEINMETZ | AFFIRMED |
| APPELLEES | |

## LARRY D. VAUGHT, Judge

Linda Abramson Phillipy and White River Nature Center, Inc., a/k/a Delta Wildlife Management, Inc. (collectively appellants), appeal the order entered by the Monroe County Circuit Court denying their motion for summary judgment and granting the summary-judgment motion filed by L.E. "Ed" Thompson and David Steinmetz (collectively appellees). Appellants argue that the circuit court erred in finding that appellees have standing in this lawsuit and in applying the doctrine of collateral estoppel. We affirm.

On October 28, 2015, L.E. "Ed" Thompson and David Steinmetz filed a complaint for declaratory judgment against Linda Abramson Phillipy and White River Nature Center, Inc. (WRNC), a/k/a Delta Wildlife Management, Inc. (DWM), requesting the circuit court to declare who is authorized to exercise control over WRNC a/k/a DWM and which entity is the owner of 300 acres of real property located in Monroe County, Arkansas (the property).

Appellees' complaint alleges that in 1984, Thompson owned the property and desired to establish a nature center in the community; therefore, he hired an attorney to prepare the paperwork to form a nonprofit corporation known as WRNC. Thompson then deeded the property to The Arkansas Nature Conservancy, which later deeded the property to WRNC.

According to appellees' complaint, initial corporate documents listed Phillipy as an officer and the registered agent of WRNC, and it was Thompson's vision that Phillipy would run WRNC. However, WRNC did not attract the interest or contributions needed to properly fund and operate it. The complaint alleges that Phillipy moved out of Arkansas and ended her involvement with WRNC and that since the early 1990s, Thompson has been operating the nonprofit by holding corporate meetings, filing corporate reports, caring for the property, and paying taxes on the property. Appellees' complaint also alleges that in 2009, Thompson changed WRNC's name to DWM and that he executed a deed transferring the property from WRNC to DWM. In September 2012, DWM entered into a lease agreement with Steinmetz for limited hunting on and management of the property.

As per appellees' complaint, Patrick Haynie and Gary Haynie filed a lawsuit in the Monroe County Circuit Court in April 2013 (the Haynie lawsuit) against DWM, Steinmetz, and Thompson requesting an easement over the property owned by DWM. The Haynie lawsuit was resolved by a final order entered on August 27, 2014 (the 2014 order), that found: "[DWM] is the owner of [the property]" and "[Thompson] is the president of [DWM]." The 2014 order also granted the Haynies an easement over the property.

Appellees' complaint further alleges that in October 2014, a certificate of amendment of a nonprofit, signed by Phillipy, was filed with the Arkansas Secretary of State on behalf of

2

DWM. Attached to the certificate are the minutes from a September 2014 DWM corporate meeting that reflect a new board of directors was appointed (Phillipy was named president, Gary Haynie was named vice president, and Gary's wife, Christina Haynie, was named secretary), the corporate name was changed back to WRNC, and the corporate address was changed to 577 Phillips 604 Road, Marvell, AR 72366. On November 13, 2014, Phillipy signed and filed a deed conveying the property back to WRNC. The deed lists Phillipy's address as: 577 Phillips 604 Road, Marvell, AR 72366. Appellees allege in their complaint that Phillipy's actions are ineffective, invalid, and in direct violation and contradiction of the findings in the 2014 order. Appellees asked the circuit court to invalidate changes made to DWM's corporate structure during the September meeting; strike the November 2014 deed transferring the property from DWM to WRNC; declare that the findings in the 2014 order—that Thompson is president of DWM and DWM is the owner of the property—are binding on appellants; declare that Phillipy has no role, position, or authority to act on behalf of DWM or WRNC; and find that the lease between DWM and Steinmetz is valid, effective, and binding on the parties.

Appellants answered appellees' complaint stating that they own the property and that they are entitled to declaratory judgment that they own the property "free and clear of all claims of [appellees]." Appellants later filed a counterclaim requesting the circuit court to declare that WRNC is the owner of the property and to enjoin appellees from leasing access to the property.

Both parties moved for summary judgment. Appellees argued that they were entitled to summary judgment based on the doctrine of collateral estoppel; more specifically, they

argued that appellants were bound by the findings in the 2014 order that Thompson is the president of DWM and that DWM owns the property. In defending against appellees' motion, appellants argued that collateral estoppel does not apply and that the facts are undisputed that Phillipy is the president of WRNC. In support of their motion for summary judgment, appellants argued for the first time that appellees lack standing to bring this declaratory-judgment action.

After a hearing, the circuit court entered an order granting appellees' motion for summary judgment and denying appellants' motion. In the order, the court found that the 2014 order is binding and controlling on the issues in this case; the September 2014 corporate meeting has no effect; the November 2014 deed has no effect and is stricken from the record book; Phillipy "has no role, position or authority to act on behalf of [DWM] or [WRNC]"; the lease between DWM and Steinmetz is valid, effective, and binding on the parties; and Thompson is authorized to amend the records with the Arkansas Secretary of State to reflect the findings in the order. Appellants have appealed from this order.

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Washington Cty. v. Bd. of Tr. of the Univ. of Ark.*, 2016 Ark. 34, at 3, 480 S.W.3d 173, 175. Ordinarily, upon reviewing a circuit court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. *Id.*, 480 S.W.3d at 175. However, when the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. *Id.*, 480 S.W.3d at 175. When parties file cross-motions for summary judgment, as was done in this case, they essentially agree that there are no material

4

facts remaining, and summary judgment is an appropriate means of resolving the case. *Id.*, 480 S.W.3d at 175. As to issues of law presented, our review is de novo. *Id.*, 480 S.W.3d at 175. De novo review means that the entire case is open for review. *Id.*, 480 S.W.3d at 175.

Appellants first argue that the circuit court erred in finding that appellees have standing to bring a declaratory-judgment action. Appellants claim that it is undisputed that appellees are not officers, directors, or members of WRNC or DWM; therefore, they have no interest in or rights to the property. We cannot reach the merits of this argument because appellants waived it.

The question of standing is a threshold issue and should be addressed first. *Barrett v. Thurston*, 2020 Ark. 36, at 3–4, 593 S.W.3d 1, 4. The Arkansas Rules of Civil Procedure require that any matter constituting an avoidance or affirmative defense must be outlined in a party's responsive pleading. *Id.* at 4, 593 S.W.3d at 5 (citing Ark. R. Civ. P. 8(c); *Poff v. Brown*, 374 Ark. 453, 454, 288 S.W.3d 620, 622 (2008)). The failure to plead an affirmative defense can result in the waiver and exclusion of the defense from the case. *Id.*, 593 S.W.3d at 5 (citing *Seth v. St. Edward Mercy Med. Ctr.*, 375 Ark. 413, 417, 291 S.W.3d 179, 183 (2009)). In *Barrett*, the appellee argued in her cross-appeal that the appellant lacked standing to file her petition. Our supreme court held that standing is an avoidance or affirmative defense, and because the appellee failed to affirmatively plead standing in her answer to the appellant's petition, the standing defense was deemed waived. *Id.*, 593 S.W.3d at 5.

In the instant case, appellants also failed to plead standing in their answer to appellees' complaint. Accordingly, appellants' standing-defense argument is deemed waived. *Barrett*, 2020 Ark. 36, at 5, 593 S.W.3d at 5.

Appellants next argue that the circuit court erred in granting the summary-judgment motion filed by appellees by finding that appellants are bound by the findings in the 2014 order based on collateral estoppel. The doctrine of collateral estoppel, or issue preclusion, bars the relitigation of issues of law or fact actually litigated by parties in the first suit. *Ark. Dep't of Human Servs. v. Dearman*, 40 Ark. App. 63, 66, 842 S.W.2d 449, 451 (1992). It is based on the policy of limiting litigation to one fair trial on an issue. *Id.*, 842 S.W.2d at 451. Collateral estoppel requires four elements before a determination is conclusive in a subsequent proceeding: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. *Powell v. Lane*, 375 Ark. 178, 185, 289 S.W.3d 440, 444 (2008). The party against whom collateral estoppel is asserted must have been a party to the earlier action and must have had a full and fair opportunity to litigate the issue in that first proceeding. *Id.*, 289 S.W.3d at 444. Unlike res judicata, which acts to bar issues that merely could have been litigated in the first action, collateral estoppel requires actual litigation in the first instance. *Id.*, 289 S.W.3d at 444. When determining whether an issue has been actually litigated, we must look to see if the issue was properly raised and whether there was a full and fair opportunity to be heard. *Id.* at 188, 289 S.W.3d at 446. There is no bright-line rule for the application of collateral estoppel. *Id.* at 189, 289 S.W.3d at 447. Each judgment, taken by default or otherwise, must be examined to determine what was finally decided and whether it meets the requirements of collateral estoppel. *Id.*, 289 S.W.3d at 447.

Appellants contend that collateral estoppel does not apply because they were not a party to the Haynie lawsuit and because the Haynie lawsuit was not actually litigated. In *Powell*, our supreme court was presented with similar arguments. There, the court affirmed the circuit court's order granting Davelynn and Wendell Lane's 2006 petition to adopt DP and dismissing Jason Powell's 2006 divorce complaint as a result of a finding in a 2004 default judgment entered in Davelynn's 2004 paternity action against Jason. The supreme court held:

> Davelynn asserted in the paternity action that she was not married at the time of [DP's] conception and birth. Jason did not offer any evidence to the contrary, although he had the opportunity to do so. The circuit court declared that Davelynn was not married to Jason at the time of DP's conception and birth. Thus, the issue of marital status was "actually litigated." The decision of paternity was conclusive, and Jason is bound by that decision. Collateral estoppel applies in this case. To hold otherwise would undermine the finality of judgments.

*Id.* at 189, 289 S.W.3d at 447. Therefore, the supreme court held that the issue of the parties' marital status had been "actually litigated." Jason—who was served with the paternity action but failed to answer it—had a full and fair opportunity to be heard, collateral estoppel applied, and Jason was bound by the findings in the default-judgment paternity order in the subsequent divorce and adoption proceedings. *Id.*, 289 S.W.3d at 447.

We hold that appellants are likewise bound by the findings in the 2014 order in this declaratory-judgment action. The record reflects that Phillipy was served—as the registered agent for WRNC a/k/a DWM—with the complaint in the Haynie lawsuit on June 15, 2013, yet she elected not to file an answer. Therefore, like Jason in *Powell*, appellants had a full and fair opportunity to be heard in the Haynie lawsuit. They chose not to avail themselves of the opportunity to be heard.

7

We further hold that the issues of who is the president of DWM and who owns the property were actually litigated in the Haynie lawsuit. The 2014 order expressly answered these two questions: DWM is the owner of the property, and Thompson is the president of DWM. These determinations were essential to the judgment in that the Haynies were seeking an easement over the property that was subject to the interest of appellees. Therefore, we hold that collateral estoppel applies in this case and that appellants are bound by the findings in the 2014 order. Accordingly, we affirm the circuit court's order granting appellees' motion for summary judgment and denying appellants' motion for summary judgment.

Affirmed.

HARRISON and SWITZER, JJ., agree.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Lucien Gillham*, for appellants.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellees.